UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) PEDRO BAEZ,<br>(2) ANTHONY BAEZ,<br>(3) AMANDA FORD,<br>(4) MONICA TROCHE,<br>(5) BRANNY TAVERAS,<br>(6) SHASTAALENA BLAIR,<br>(7) JESSICA HUGHES,<br>(8) VALERIE LUCIER,<br>(9) PABLO VIDARTE HERNANDEZ,<br>(10) ADIANGEL PARADES,<br>(11) KEVIN MARTINEZ,<br>(12) RICKY FIGUEROA,<br>(13) PEDRO VILLOT-SANTIAGO,<br>(14) IVAN TORRES,<br>(15) JONATHAN VILLOT<br>(16) ABEL RODRIGUEZ RIVERA,<br>(17) HECTOR MATOS, and<br><br>■■■■■■■■■■■■■■■■■<br><br>Defendants | Criminal No. 19-40049-TSH(s)<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute One Kilogram or More of Heroin, 400 Grams or More of Fentanyl, 280 Grams or More of Cocaine Base, and 500 Grams or More of Cocaine<br>(21 U.S.C. § 846)<br><br>Counts Two and Three: Distribution of 40 Grams or More of Fentanyl and Heroin; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi); 18 U.S.C. § 2)<br><br>Counts Four and Five: Distribution of 100 Grams or More of Heroin and 40 Grams or More of Fentanyl; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i) and (b)(1)(B)(vi); 18 U.S.C. § 2)<br><br>Count Six and Seven: Distribution of 400 Grams or More of Fentanyl, 100 Grams or More of Heroin, and Cocaine; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and (b)(1)(B)(i); 18 U.S.C. § 2)<br><br>Count Eight: Conspiracy to Distribute and to Possess with Intent to Distribute 280 Grams or More of Cocaine Base and 500 Grams or More of Cocaine<br>(21 U.S.C. § 846)<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

1

## SUPERSEDING INDICTMENT

### COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
One Kilogram or More of Heroin, 400 Grams or More of Fentanyl, 280 Grams or More of
Cocaine Base, and 500 Grams or More of Cocaine
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about September 2018 through in or about November 2019, in Fitchburg and Watertown, in the District of Massachusetts, and elsewhere, the defendants,

(1) PEDRO BAEZ,
(2) ANTHONY BAEZ,
(3) AMANDA FORD,
(4) MONICA TROCHE,
(5) BRANNY TAVERAS,
(6) SHASTAALENA BLAIR,
(7) JESSICA HUGHES,
(8) VALERIE LUCIER,
(9) PABLO VIDARTE HERNANDEZ,
(10) ADIANGEL PARADES,
(11) KEVIN MARTINEZ,
(12) RICKY FIGUEROA, and
(13) PEDRO VILLOT-SANTIAGO,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance; and a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved one kilogram or more

2

of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance; and; 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(i), (b)(1)(A)(iii), (b)(1)(A)(vi), and (b)(1)(B)(ii) are applicable to this Count.

It is further alleged that, with respect to Count One, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, was reasonably foreseeable by, and is attributable to defendants (1) PEDRO BAEZ and (9) PABLO VIDARTE HERNANDEZ. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(i) is applicable to defendants (1) PEDRO BAEZ and (9) PABLO VIDARTE HERNANDEZ.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendants (1) PEDRO BAEZ, (2) ANTHONY BAEZ, (4) MONICA TROCHE, (9) PABLO VIDARTE HERNANDEZ, and (10) ADIANGEL PARADES. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to defendants (1) PEDRO BAEZ, (2) ANTHONY BAEZ, (4) MONICA TROCHE, (9) PABLO VIDARTE HERNANDEZ, and (10) ADIANGEL PARADES.

It is further alleged that, with respect to Count One, 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were

3

reasonably foreseeable by, and are attributable to defendants (1) PEDRO BAEZ, (12) RICKY FIGUEROA, and (13) PEDRO VILLOT-SANTIAGO. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) is applicable to defendants (1) PEDRO BAEZ, (12) RICKY FIGUEROA, and (13) PEDRO VILLOT-SANTIAGO.

It is further alleged that, with respect to Count One, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, were reasonably foreseeable by, and are attributable to defendants (2) ANTHONY BAEZ, (4) MONICA TROCHE, (5) BRANNY TAVERAS, and (10) ADIANGEL PARADES. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i) is applicable to defendants (2) ANTHONY BAEZ, (4) MONICA TROCHE, (5) BRANNY TAVERAS, and (10) ADIANGEL PARADES.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendants (1) PEDRO BAEZ, (2) ANTHONY BAEZ, and (12) RICKY FIGUEROA. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to defendants (1) PEDRO BAEZ, (2) ANTHONY BAEZ, and (12) RICKY FIGUEROA.

It is further alleged that, with respect to Count One, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendant (5) BRANNY TAVERAS. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi) is applicable to defendant (5) BRANNY TAVERAS.

It is further alleged that, with respect to Count One, 28 grams or more of a mixture and

substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendants (6) SHASTAALENA BLAIR, (7) JESSICA HUGHES, and (8) VALERIE LUCIER. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to defendants (6) SHASTAALENA BLAIR, (7) JESSICA HUGHES, and (8) VALERIE LUCIER.

All in violation of Title 21, United States Code, Section 846.

Before the defendant, (1) PEDRO BAEZ, committed the offense charged in this count, the defendant was convicted of violating Massachusetts General Laws Chapter 94C, Section 32 (*see* Commonwealth v. Baez, Docket Number 2002-1441-001), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before the defendant, (11) KEVIN MARTINEZ, committed the offense charged in this count, the defendant was convicted of violating Title 21, United States Code, Sections 846 and 841(b)(1)(B)(i) (*see* United States v. Kevin Martinez, Docket Number 02-00121-GC (D. ME)), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

COUNT TWO
Distribution of and Possession with Intent to Distribute
40 Grams or More of Fentanyl and Heroin; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about April 16, 2019, in Fitchburg, in the District of Massachusetts, and elsewhere, the defendants,

(2) ANTHONY BAEZ and
(4) MONICA TROCHE,

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi) and Title 18, United States Code, Section 2.

## COUNT THREE
Distribution of and Possession with Intent to Distribute
40 Grams or More of Fentanyl and Heroin; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about May 31, 2019, in Fitchburg, in the District of Massachusetts, and elsewhere, the defendants,

(2) ANTHONY BAEZ and
(4) MONICA TROCHE,

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi) and Title 18, United States Code, Section 2.

## COUNT FOUR
Distribution of and Possession with Intent to Distribute
100 Grams or More of Heroin and 40 Grams or More of Fentanyl; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) and (b)(1)(B)(vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about July 17, 2019, in Watertown, in the District of Massachusetts, and elsewhere, the defendants,

(2) ANTHONY BAEZ and
(4) MONICA TROCHE,

did knowingly and intentionally distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(i) and (b)(1)(B)(vi), and Title 18, United States Code, Section 2.

COUNT FIVE
Distribution of and Possession with Intent to Distribute
100 Grams or More of Heroin and 40 Grams or More of Fentanyl; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) and (b)(1)(B)(vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about August 21, 2019, in Watertown, in the District of Massachusetts, and elsewhere, the defendants,

(2) ANTHONY BAEZ and
(4) MONICA TROCHE,

did knowingly and intentionally distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(i) and (b)(1)(B)(vi) and Title 18, United States Code, Section 2.

## COUNT SIX
Distribution of and Possession with Intent to Distribute 400 Grams or More of Fentanyl, 100 Grams or More of Heroin, and Cocaine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) and (b)(1)(B)(i); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about September 24, 2019, in Fitchburg, in the District of Massachusetts, and elsewhere, the defendants,

(2) ANTHONY BAEZ and
(4) MONICA TROCHE,

did knowingly and intentionally distribute and possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi) and (b)(1)(B)(i) and Title 18, United States Code, Section 2.

COUNT SEVEN
Distribution of and Possession with Intent to Distribute 400 Grams or More of Fentanyl, 100 Grams or More of Heroin, and Cocaine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(i); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about October 23, 2019, in Fitchburg, in the District of Massachusetts, and elsewhere, the defendants,

(1) PEDRO BAEZ and
(2) ANTHONY BAEZ,

did knowingly and intentionally distribute and possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi) and (b)(1)(B)(i) and Title 18, United States Code, Section 2.

## COUNT EIGHT
Conspiracy to Distribute and to Possess with Intent to Distribute
280 Grams or More of Cocaine Base and 500 Grams or More of Cocaine
(21 U.S.C. § 846)

The Grand Jury further charges:

From in or about October 2019 through in or about July 2020, in Fitchburg, Leominster, and Whitinsville, in the District of Massachusetts, and elsewhere, the defendants,

>    (12) RICKY FIGUEROA,
>    (13) PEDRO VILLOT-SANTIAGO,
>    (14) IVAN TORRES,
>    (15) JONATHAN VILLOT
>    (16) ABEL RODRIGUEZ RIVERA,
>    (17) HECTOR MATOS, and

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count Eight involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance; and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(iii) and (b)(1)(B)(ii) are applicable to this Count.

It is further alleged that, with respect to Count Eight, 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendants (13) PEDRO VILLOT-SANTIAGO,

and (14) IVAN TORRES. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) is applicable to defendants (13) PEDRO VILLOT-SANTIAGO, and (14) IVAN TORRES.

It is further alleged that, with respect to Count Eight, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendants (13) PEDRO VILLOT-SANTIAGO, (14) IVAN TORRES, (16) ABEL RODRIGUEZ RIVERA, (17) HECTOR MATOS, and ▮ ▮. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to defendants (13) PEDRO VILLOT-SANTIAGO, (14) IVAN TORRES, (16) ABEL RODRIGUEZ RIVERA, (17) HECTOR MATOS, and ▮ ▮.

It is further alleged that, with respect to Count Eight, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, was reasonably foreseeable by, and is attributable to defendant (15) JONATHAN VILLOT. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to defendant (15) JONATHAN VILLOT.

All in violation of Title 21, United States Code, Section 846.

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1.  Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One through Eight of this Indictment, the defendants,

>   (1) PEDRO BAEZ,
>   (2) ANTHONY BAEZ,
>   (3) AMANDA FORD,
>   (4) MONICA TROCHE,
>   (5) BRANNY TAVERAS,
>   (6) SHASTAALENA BLAIR,
>   (7) JESSICA HUGHES, and
>   (8) VALERIE LUCIER,
>   (9) PABLO VIDARTE HERNANDEZ,
>   (10) ADIANGEL PARADES,
>   (11) KEVIN MARTINEZ,
>   (12) RICKY FIGUEROA,
>   (13) PEDRO VILLOT-SANTIAGO,
>   (14) IVAN TORRES,
>   (15) JONATHAN VILLOT
>   (16) ABEL RODRIGUEZ RIVERA,
>   (17) HECTOR MATOS, and

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following asset:

>   a. The real property located at 54-56 Nashua Street, Fitchburg, Massachusetts 01420.
>
>   b. $6,290.00 in United States currency seized on or about November 21, 2019 in

14

      Fitchburg, Massachusetts;

  c. $1,067.00 in United States currency seized on or about November 21, 2019 in Fitchburg, Massachusetts 01420;

  d. $1,412.00 in United States currency seized on or about November 21, 2019 in Fitchburg, Massachusetts 01420.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
ALATHEA E. PORTER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JULY 22, 2020
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo
_____
DEPUTY CLERK

at 1:10 PM

16